Johnson, J.
delivered the opinion of the Court.
This case has been very much amplified in the brief presented by counsel, and the report of the presiding Judge; but the leading facts, and the law applicable to them, appear to me to lie in a very narrow compass.
That the plaintiff was intitled to but one satisfaction of the several judgments against Lyles and Pearson is very clear, for they were both rendered for one and the same debt: And that the money made bji the sale of Lyles’ property was a satisfaction of both pro tanto, is, I think, demonstrable from a variety of considerations. It is a received rule, that a levy is-satisfaction, at least so far as to throw on the plaintiff the burthen of shewing, either lliat it was insufficient, or that the proceeds were applied to the satisfaction of some prior lien, or that it was otherwise rendered unproductive without his fault, or the fault of the officer. Now, as this case is understood, the levy was not only made, hut the property sold, and the amount- received by the sheriff: And if this were a proceeding against Lyles to revive that judgment, he might well answer that it had been satisfied. The plaintiff would not be permitted to reply, that he, of his own mere motion, had made a different disposition of the fund: the law had already appropriated it, and the plaintiff could not, without the consent of Lyles, give it a different direction.
This would be the effect as between the parties themselves; but the objection becomes much stronger when we come to consider the operation of the rule coutcuded for upon the rights of third persons. Let us suppose that there were intervening executions against Lyles, and that lie was so far insolvent, that if the executions against him were paid off in the order of their dates, tiie elder and the intervening executions would have exhausted his property; could the plaintiff, by a transfer of the money made under his senior execution to the junior, give the latter a preference to the intervening executions I Certainly not. Now the case supposed is very similar to the present. Pearson *143 and Lyles were the joint sureties of Boyd; and both the judgments were for the proper debt of Boyd : Lyles had therefore a right of action against Pearson for contribution,- to the extent of the excess of the sum made by the levy of his properly over his proportion of the debt; and yet it is contended, that the plaintiff might at his option defeat that right. Again, Pearson might have had rights to be protected. In the event of his having the whole debt to pay, he would be intitled to an action against Lyles for contribution ; but Lyles is insolvent, and the effect of the transfer made by the plaintiff, is to cancel the payment by Lyles, and to turn Pearson over to a barren law-suit. I am therefore of opinion, that the judgments against Pearson must be regarded as satisfied, and that substantial justice has therefore been effected by the verdict.
In this general view I have overlooked the multifarious incidental circumstances detailed in the report and the brief, as well as the great variety of grounds which have been set down in support of the motion. I might not perhaps be disposed to concur with the presiding Judge upon all these grounds; but I can discover no error in matters affecting the decision of the case, in the view which I have ’taken of it. The evidence offered by the plaintiff to prove that Boyd had deposited with Pearson a sum sufficient to pay the whole of the debt to the executors of Cates, would seem, at first view, to give a degree of plausibility to the plaintiff’s case; but a very slight examination will show that this evidence was properly rejected. The deposit with Pearson imposed no new liability on him to the executors of Cates, or to. the plaintiff’ who represented them; for he was already liable for the whole debt. It intitled Lyles indeed to call upon him for a reimbursement of the entire sum which had been made by the levy on his property : but the plaintiff, who had received the benefit of that levy, could not certainly be intitled to be twice paid, because Pearson was liable over to Lyles. The payment of Wallace’s execution, for which the plaintiff is stated to have been liable as surety, may have given him a right of action against Lyles ; but this could not invest him with Lyles’ right of action against Pearson for a distinct matter, and still less could it have the effect of reviving his own judgment against Pearson. The fact offered to be proved was therefore wholly irrelevant, and the evidence of it inadmissible. Motion refused.